IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tony Gonzalez, | ) | Civil Number: 4:15-cv-1638-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Allen Turner, Austin Grice, Matt Townsend, Mark Vereen, the Dillon Police Department, and The United States Drug Enforcement Administration, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING THE UNITED STATES**
**DRUG ENFORCEMENT ADMINISTRATION AS PARTY**

The United States Drug Enforcement Administration ("DEA") has moved to be dismissed as a party to this action, pursuant to Rule 21, Fed.R.Civ.P.[1] After consultation, the other parties do not oppose the motion. The other parties are the Plaintiff, Tony Gonzalez, and Defendants Allen Turner, Austin Grice, Matt Townsend, Mark Vereen, and the Dillon Police Department (together, "Dillon Defendants").

In this case, Plaintiff alleges constitutional violations by the Dillon Defendants stemming from a prior traffic stop of Plaintiff, and the related seizure of $98,000 in United States currency (the "Subject Currency"). As relates to the instant motion, Plaintiff seeks the return of the Subject Currency, notwithstanding that this is an *in personam* action, and civil forfeitures are *in rem* actions in which the seized property – not persons – are the named defendants.

---

[1] Rule 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

Following the seizure, the DEA commenced administrative forfeiture proceedings against the Subject Currency, pursuant to 18 U.S.C. 983(a). Plaintiff then filed a claim with DEA contesting forfeiture of the Subject Currency. As a result, and after the instant civil action was filed, DEA has now referred the seizure to the U.S. Attorney pursuant to 18 U.S.C. 983(a)(3), for consideration of initiating civil *in rem* judicial forfeiture proceedings. The provisions of 18 U.S.C. 983, governing in rem forfeitures, provide Plaintiff with adequate legal remedies to seek the return of the Subject Funds.

Because Section 983 governs forfeiture and return of property in civil *in rem* cases, it does not govern the *in personam* causes of action which Plaintiff alleges against the Dillon Defendants. Accordingly, dismissal of the DEA as a party-defendant in this case is without prejudice to the legal positions of the Plaintiff or the Dillon Defendants in this litigation as to the remaining allegations of Plaintiff against the Dillon Defendants.

For the foregoing reasons, it is ORDERED that the United States Drug Enforcement Administration is dismissed from this case as a defendant, with prejudice.

IT IS SO ORDERED.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

August 27, 2015
Florence, South Carolina